```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAUTILUS INSURANCE COMPANY,

                         Plaintiff,

                                                                    24-cv-8762 (PKC)

          -against-                                                 ORDER


BEACH CRUISER, LLC, FLYWAY
MANAGEMENT, LLC and 40 OUNCES
HIGHWAY LLC,

                         Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

    The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

    The Complaint claims subject matter jurisdiction exists based solely upon diversity of citizenship, 28 U.S.C. § 1332. "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir. 1996). "It is axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (quotation marks omitted).

    Where a complaint premised upon diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Platinum-

Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019).  Where a complaint premised upon diversity of citizenship names a natural person as a party, it must allege the citizenship of the natural person as determined by his domicile.  Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).

   The Complaint alleges that plaintiff is an Arizona corporation with its principal place of business in Arizona.  (Compl't ¶¶ 1-2.)  It names three limited liability companies as defendants: Beach Cruiser, LLC, Flyway Management, LLC and 40 Ounces Highway, LLC.  (Compl't ¶¶ 3-5.)  It states: "On information and belief, none of the members of Breach Cruiser, Flyway or 40 Ounces are citizens of the State of Arizona."  (Compl't ¶ 6.)  The Complaint does not allege the citizenship of any members of the defendant limited liability companies.

   Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon each of Beach Cruiser, LLC, Flyway Management, LLC and 40 Ounces Highway, LLC as to the citizenship of all natural persons who are its members, and if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  The defendants shall serve their responses to the interrogatory within fourteen (14) days.

   Within forty-five (45) days of this Order, the plaintiff shall amend its complaint to correct the jurisdictional deficiencies by truthfully and accurately alleging the citizenships of the defendant limited liability companies.  If, by this date, the plaintiff fails to allege complete diversity of citizenship, the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

- 3 -

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 21, 2024